IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE

ESJ TOWERS INC

Debtor

CASE NO. 22-01676 (ESL)

CHAPTER 11

COMMITTEE OF UNSECURED
CREDITORS FOR ESJ TOWERS, INC.

Plaintiffs

vs.

AIG INSURANCE COMPANY - PUERTO
RICO; ARCO PUBLICIDAD, LLC;
BALLHER, CORP.; DE ANGEL &
COMPANIA CPA, LLC; ECOLAB
MANUFACTURING, INC.; LIBERTY
MOBILE PUERTO RICO, INC.;
MCCLOSKEY & BONNIN VALUATION
GROUP, PSC; RCI, LLC; AND WHITE
RHINO, INC.

Defendants

ADVERSARY NO. 24-00041

FILED AND ENTERED 4/9/2026

OPINION AND ORDER

This adversary proceeding is before the court upon the *Motion for Relief from Judgement as Void and for Stay of Discovery* filed by De Angel & Compañia CPA, LLC ("**DAC**") on January 9, 2026 ("**Motion for Relief from Judgement**", dkt. #66), the response of the Official Committee of Unsecured Creditors (the "**UCC**" or the "**Committee**") (dkt. #69), and the Defendants' reply (dkt. #80).

For the reasons stated herein, the *Motion for Relief from Judgement* is DENIED

Factual and Procedural Background

1. On June 10, 2022, the Debtor filed a voluntary petition for relief under Chapter 11 and began managing its affairs and operating its business as a debtor-in-possession. See

-1-

Bankr. dkt. #1. DAC was listed as a non-priority unsecured creditor in *Schedule E/F*. See id., p. 30.

2. Thereafter, on August 3, 2022, the Debtor filed an *Application* for appointment of DAC as auditor for debtor (Bankr. dkt. #64), which was granted (Bankr. dkt. #85).

3. On June 3, 2024, the Committee filed an adversary complaint against DAC and other defendants seeking to avoid and recover post-petition transfers received by DAC under Sections 549(a) and 550(a)(1) of the Bankruptcy Code, *inter alia* (dkt. # 1). See also Bankr. dkt. #1850.

4. On June 10, 2024, the Committee filed a *Certificate of Service* (dkt. #19) certifying service of summons and the complaint via priority mail on June 8, 2024, to "DE ANGEL & COMPA[Ñ]IA CPA LLC" at "PO BOX 5460[,] Caguas[,] PR 00726-5460" (id.).

5. On September 3, 2024, default was entered against DAC. See dkt. #42, 43.

6. On October 10, 2024, the court entered a *Partial Judgment by Default* against DAC in the amount of $1,377.75, plus costs (dkt. #55).

7. On December 26, 2025, the Committee filed a *Motion to Compel DAC's Post-Judgement Interrogatory Answers, and for Fees and Sanctions* ("**Motion to Compel**", dkt. #65).

8. On January 9, 2026, DAC filed the *Motion for Relief from Judgement* (dkt. #66) alleging that service of the summons and complaint failed to comply with Fed. R. Bankr. P. 7004(b)(3) and 14 L.P.R.A. § 3781 by failing to "identif[y] any qualifying officer or agent" (id., p. 5, § C), warranting relief under Fed. R. Civ. P. 60(b)(4). DAC also requests a protective order under Fed. R. Civ. P. 26, that post-judgment discovery be quashed, the Committee's motion to compel be denied, and that discovery be stayed.

9. The court ordered the Committee to state its position to the *Motion for Relief from Judgement* and held the *Motion to Compel* in abeyance pending a decision on the former. See *Order*, dkt. #67.

10. On January 19, 2026, the Committee filed a *Response to DAC's Motion for Relief from Judgement and for Discovery Stay* (dkt. #69), averring that Fed. R. Bankr. P. 7004(b)(3)

"did not require the Committee to identify [] an individual" when "the plaintiff opts to serve an agent that is 'authorized by appointment[,]' " (id., p. 4-5), and because DAC's registered resident agent is DAC pursuant to Sections 3542 and 3954 of the Puerto Rico General Corporation Act, 14 L.P.R.A. §§ 3542 and 3954, DAC may receive service of process and the Committee had no obligation to serve a DAC officer or any other individual agent.

11.     On February 17, 2026, DAC filed a *Reply in Support of Motion for Relief From Void Judgment and for Discovery Stay* (dkt. #80). Among other arguments, DAC clarifies that "there is no question that, prior to the Committee's filing of the motion to compel on December 26, 2025 (Dkt. 65), DAC had alerted the Committee to the nullity of judgment for lack of proper service of process to DAC. That fact is undisputed here, as reflected in the redacted email correspondence from undersigned to Committee counsel sent on December 19, 2025, and included as Exhibit B of the Motion to Compel in Dkt. 65 …" (id., p. 6).

## Applicable Law and Analysis

(A)     Motion for Reconsideration Standard under Fed. R. Civ. P. 60(b)

Motions for reconsideration "are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure in *haec verba*." In re Mujica, 470 B.R. 251, 253 (Bankr. D.P.R. 2012), *aff'd*, 492 B.R. 355 (D.P.R. 2013). See also Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075–76 (5th Cir. 1994); In re Pabon Rodriguez, 233 B.R. 212, 218 (Bankr. D.P.R. 1999), *aff'd*, 2000 WL 35916017 (B.A.P. 1st Cir. 2000), *aff'd*, 17 F. App'x 5 (1st Cir. 2001), citing Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Portugues–Santa v. B. Fernandez Hermanos, Inc., 614 F.Supp.2d 221, 225 (D.P.R. 2009); In re Martinez, 2013 WL 3808076, at *4 (Bankr. D.P.R. 2013); In re Acosta, 497 B.R. 25, 31 (Bankr. D.P.R. 2013). Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief of

judgment or order under Fed. R. Civ. P. 60(b)[1]. See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)).

"These two rules are distinct; they serve different purposes and produce different consequences. Which rule applies depends essentially on the time a motion is served. If a motion is served within [fourteen (14)] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." Pabon Rodriguez, 233 B.R. at 219, quoting Van Skiver, 952 F.2d at 1243.

"The substance of the motion, not the nomenclature used or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. 109, 112–113 (Bankr. D.P.R. 2012). Thus, for example, even if filed within the time limit for a motion under Fed. R. Civ. P. 59(e), a motion seeking relief on grounds of "excusable neglect" will be treated as a Fed. R. Civ. P. 60(b)(1) motion, because Fed. R. Civ. P. 59(e) does not provide a vehicle for a party to undo its own procedural failures. See In re Lozada Rivera, 470 B.R. at 113, citing 12–60 Moore's Federal Practice Civil § 60.03. Also see United States v. $23,000 in U.S. Currency, 356 F.3d 157, 164–165 (1st Cir. 2004) (even if timely filed under Fed. R. Civ. P. 59(e), a motion seeking relief on grounds of excusable neglect will be treated as Fed. R. Civ. P. 60(b)(1) motion, because Fed. R. Civ. P. 59(e) does not provide a vehicle for party to undo its own procedural failures); Jennings v. Rivers, 394 F.3d 850, 854–856 (10th Cir. 2005) (a motion timely filed under Fed. R. Civ. P. 59(e) but asserting ground for relief specified under Fed. R. Civ. P. 60(b), should be evaluated under standards applicable to Fed. R. Civ. P. 60(b) motions).

Fed. R. Civ. P. 60(b) "attempts to balance the interest in the stability of judgments with the interest in seeing that judgments not become instruments of oppression and fraud." Alan N. Resnick and Henry J. Sommer, 10 Collier on Bankruptcy ¶ 9024.03 (16th ed. 2024). Hence, "the court may relieve a party from a final judgment, order, or proceeding" where "the judgment is void". Fed. R. Civ. P. 60(b)(4).

---

[1] Fed. R. Civ. P. 59(e) and 60(b)(1) are made applicable to adversary proceedings under Fed. R. Bankr. P. 9023 and 9024, respectively.

"Failure to effect service as provided by Rule 7004(b)(3) will render service of process insufficient, and will deprive the bankruptcy court of personal jurisdiction over the defendant corporation. If the court does not have personal jurisdiction, any order or judgment entered by the court is void for lack of personal jurisdiction." Maloni v. Fairway Wholesale Corp. (In Re Maloni), 282 B.R. 727, 731 (B.A.P. 1st Cir. 2002). "[L]ack of personal jurisdiction renders the judgment void and its nullity may be attacked at any time." Id., at 732

(B)     Service of Process on a Corporation

Fed. R. Civ. P. 4(e)-(j) authorizes the following pertinent methods of service:

**(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) **following state law** for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

…

**(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or

(B) **by delivering a copy of the summons and of the complaint to** an officer, a managing or general agent, or **any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant;** or

(2) …

Fed. R. Civ. P. 4(e)-(j) (boldface added).

There are two relevant sources in Puerto Rico law which govern service upon corporations as authorized by Fed. R. Civ. P. 4(e): the Puerto Rico Rules of Civil Procedure, and the Puerto

Rico General Corporations Act. Under the Puerto Rico Rules of Civil Procedure, a corporation may be served by delivering a copy of the summons and of the complaint to "any … agent authorized by appointment or designated by law to receive service of process." 32 L.P.R.A. Ap. V, R. 4.4(e) (Official Translation). Under the Puerto Rico General Corporations Act, a corporate entity may be properly served by delivering a copy of the summons and complaint to its registered or "resident" agent ("agente residente" in Spanish), as follows:

> (a) Service of legal process upon any corporation of the Commonwealth shall be made by delivering a copy personally to any officer or director of the corporation in the Commonwealth, or the registered agent of the corporation in the Commonwealth, or by leaving it at the dwelling house or usual place of abode in the Commonwealth of any officer, director or registered agent (if the registered agent be an individual), or at the registered office or other place of business of the corporation in the Commonwealth. **If the registered agent be a corporation, service of process upon it as such agent may be made by serving, in the Commonwealth, a copy thereof on the president, vice-president, secretary, assistant secretary or any director of the corporate registered agent** …

14 L.P.R.A. § 3781(a) (Service of Process on Corporations) (Official Translation) (boldface added). See also 14 L.P.R.A. § 3542 (Registered Agent) (Official Translation).

In addition to the above, Fed. R. Bankr. P. 7004 provides the following alternate methods of service:

> **(b) Service by Mail as an Alternative.** Except as provided in subdivision (h), in addition to the methods of service authorized by Fed. R. Civ. P. 4(e)-(j), a copy of a summons and complaint may be served by first-class mail, postage prepaid, within the United States on:
>
> …
> (3) a domestic … corporation, or a partnership or other unincorporated association--by mailing the copy:
>
> > (A) to an officer, a managing or general agent, **or an agent authorized by appointment or by law to receive service**; **and**
> >
> > (B) also to the defendant if a statute authorizes an agent to receive service and the statute so requires;
>
> …
> **(i) Service of Process by Title.** This subdivision (i) applies to service on a domestic or foreign corporation or partnership or other unincorporated association under Rule 7004(b)(3) … The defendant's officer or agent need not be correctly named in

the address--or even be named--if the envelope is addressed to the defendant's proper address and officer's or agent's position or title

Fed. R. Bankr. P. 7004(b)(3), (i) (boldface added). Importantly, Fed. R. Bankr. P. 7004 "does not require proof of actual receipt, it requires only that the summons and complaint be mailed." See In re Laboy, 2010 WL 427780, at *8 (Bankr. D.P.R. Feb. 2, 2010) (citation omitted).

(C)    Discussion

The court takes judicial notice under Fed. R. Evid. 201 that DAC registered itself as its resident agent, as published under Register No. 226 on the Registry of Corporations and Entities of the Puerto Rico Department of State.[2] As such, and pursuant to 14 L.P.R.A. § 3781(a), DAC is designated by law to accept service of process on behalf of DAC. The court also notes that DAC has one (1) authorized person, an individual (Carlos E. De Angel Ramirez), and three (3) administrators, all individuals (a president, vice president, and treasurer).[3]  The court further notes that the priority mail slip is addressed to "DE ANGEL & COMPA[Ñ]IA CPA LLC" (dkt. #19), and is not directed to an officer or agent's position or title.

Fed. R. Civ. P. 4(e)(1) authorizes service in accordance with state law. Under the Puerto Rico General Corporations Act, if the registered or "resident" agent is a corporation, service requires service on its president, vice-president, secretary, assistant secretary or any director of the corporate registered agent. See 14 L.P.R.A. § 3781(a). Under Rule 4.4(e) of the Puerto Rico Rules of Civil Procedure, however, a corporation may be served through an agent authorized by appointment or designated by law. See 32 L.P.R.A. Ap. V, R. 4.4(e).

Here, the Committee served summons and a copy of the complaint on DAC's resident agent, to an address that corresponds to such resident agent, as available in the Registry of Corporations and Entities of the Department of State for the Commonwealth of Puerto Rico. The court finds that service was proper under Fed. R. Civ. P. 4(e)(1) (service on an individual) and (h)(1)(A) (service on a corporate entity) by virtue of Rule 4.4(e). On the same vein, the court finds that service was proper under Fed. R. Bankr. P. 7004(b)(3), which authorizes service on a

---

[2]    See Commonwealth of P.R. Dep't. of State, *Registry of Corporations and Entities*, https://rcp.estado.pr.gov/en/entity-information?c=226-711 (last visited April 8, 2026).
[3] Ibid.

corporation through an agent authorized by appointment or designated by law. The court further finds that the Committee has met its burden of establishing personal jurisdiction over DAC. The default judgment against DAC is thus not void under Fed. R. Civ. P. 60(b)(4) for lack of personal jurisdiction due to improper service.

Conclusion

For the reasons stated herein, the *Motion for Relief from Judgement* (dkt. #66) is DENIED.

DAC shall state its position to the *Motion to Compel* (dkt. #65) within twenty-one (21) days.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of April 2026.

Enrique S. Lamoutte
United States Bankruptcy Judge

-8-